# In The United States Court of Federal Claims

No. 98-168C

(Filed: May 3, 2005)
_____

NORTH STAR ALASKA HOUSING
CORPORATION,

       Plaintiff,

  v.

THE UNITED STATES,

       Defendant.

_____

**SECOND PRIVACY ACT PROTECTIVE ORDER**
_____

      On April 26, 2005, plaintiff filed an unopposed motion for expedited entry of a protective order pursuant to 5 U.S.C. §552a(b)(11).  That motion is hereby **GRANTED**.  Accordingly, the court hereby **ORDERS** that defendant is authorized to release to plaintiff, its counsel, and to the Court in this case, the Senior System Civilian Evaluation Reports pertaining to Connie Kiser, Housing Manager Assistant for the Department of the Army at Fort Wainwright, Alaska, for the periods November 1, 1999, through October 31, 2000; November 1, 2000, through October 31, 2001; and November 1, 2001, through October 31, 2002, with Ms. Kiser's Social Security Number redacted.  Such disclosure is subject to the following conditions:

      1.     Ms. Kiser's Evaluation Reports shall be used by plaintiff or its representative(s) only for purposes of litigating these consolidated cases, including any subsequent appeals, and shall not be disclosed by plaintiff or its representative(s) to the public or any other person or entity for any reason other than for purposes of litigating these consolidated cases, including any subsequent appeals.

      2.     Except as otherwise ordered by this Court, Ms. Kiser's Evaluation Reports may be disclosed only to the following persons: (a) plaintiff and counsel for plaintiff in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in these consolidated cases; (c) persons retained by plaintiff or its counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these consolidated cases; (d) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these consolidated cases; and (e) any deponent in these cases during his or her deposition and any person or persons recording such deposition by stenographic or other means.

      3.     All individuals indicated in paragraph 2, above, to whom any of Ms. Kiser's Evaluation Reports is disclosed shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose any of Ms. Kiser's Evaluation Reports to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment form.  Plaintiff's counsel will retain copies of the

acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should plaintiff or its counsel wish to disclose any of Ms. Kiser's Evaluation Reports to any persons other than those indicated in this paragraph and paragraph 2, above, plaintiff's counsel must obtain defendant's consent. If defendant does not consent to disclosure, then plaintiff or its counsel may, on motion, seek modification of this Order from the Court.

4. Each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

5. None of Ms. Kiser's Evaluation Reports may be presented to the Court except under seal. Should plaintiff seek to use any of Ms. Kiser's Evaluation Reports in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), it must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

6. Within forty-five days of the termination of these consolidated cases, including any subsequent appeals, plaintiff, through counsel, must certify in writing that any copies of Ms. Kiser's Evaluation Reports in its possession or in the possession of any person or entity to whom it or its counsel disseminated Ms. Kiser's Evaluation Reports, and any unredacted documents or pleadings containing any of Ms. Kiser's Evaluation Reports or information derived from any of Ms. Kiser's Evaluation Reports, have been returned to defendant or destroyed; provided, however, that plaintiff is not required to return to defendant, destroy, or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with these consolidated cases.

7. Neither the United States Department of Justice, the Department of the Army, the Army Corps of Engineers, nor any of their officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any protected information obtained by plaintiff's counsel under this Order, or of any information contained in such documents.

8. This Order does not constitute any ruling on the question of whether any of Ms. Kiser's Evaluation Reports is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any of Ms. Kiser's Evaluation Reports, other than objections based on the Privacy Act.

9. This Order does not apply to any information or documents other than information or documents that are subject to the Privacy Act.

**IT IS SO ORDERED.**

                                                             s/ Francis M. Allegra
                                                            Francis M. Allegra
                                                            Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NORTH STAR ALASKA HOUSING CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 98-168C |
| v. | ) |
| | ) (Judge Allegra) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ACKNOWLEDGMENT OF SECOND PRIVACY ACT PROTECTIVE ORDER**

I have been informed of and agree to comply with the provisions of the Second Privacy Act Protective Order issued by the Court in this case.

_____
Signature

_____
Printed name

_____