# In The United States Court of Federal Claims

No. 98-168C

(Filed: May 25, 2007)

_____

| | |
|---|---|
| NORTH STAR ALASKA HOUSING CORPORATION, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

_____

**ORDER**

_____

**ALLEGRA, Judge**:

On April 2, 2007, the court issued an opinion in this case. *See North Star Alaska Housing Corp. v. United States*, 2007 WL 1041442 (Fed. Cl. Apr. 2, 2007). On page 85 of the slip version of that opinion, the court determined that defendant's decisions regarding the awarding of incentive fees to plaintiff for the years 1997-2003 were arbitrary and capricious and should be set aside. In order to effectuate this ruling, in paragraph 1 on page 86 of this opinion, the court remanded defendant's incentive fee decisions "as to each of the affected years" to the Army for redetermination.

On April 9, 2007, defendant moved to amend/correct the aforementioned paragraph to reflect that the "affected years" do not include years after 2001. Defendant argues that, in an earlier portion of its opinion, the court determined that incentive fees for years after 2001 were not within its jurisdiction. On April 30, 2007, plaintiff responded to defendant's motion noting that the court stated that it has declaratory jurisdiction over the incentive fee determinations and that the court may grant further relief based on a declaratory judgment.

Defendant is correct that this court does not have jurisdiction over claims relating to incentive fee determinations made for years 2002 and 2003. For one thing, claims for these fees

were not included in the relevant complaints.[1]  Moreover, plaintiff also failed to present the incentive fee determinations for 2002 and 2003 to the contracting officer for review.  Under the Contract Disputes Act (CDA), 41 U.S.C. § 605(a), jurisdiction in this court over such claims is lacking "unless the contractor's claim is first presented to the contracting officer and that officer renders [or is deemed to render] a final decision on the claim."  *England v. The Swanson Group, Inc.*, 353 F.3d 1375, 1379 (Fed. Cir. 2004); *see also D.L. Braughler Co., Inc. v. West*, 127 F.3d 1476, 1480 (Fed. Cir. 1997); *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541 (Fed. Cir. 1996); *Bath Iron Works Corp. v. United States*, 20 F.3d 1567, 1578 (Fed. Cir. 1994).  And these requirements must be met separately for each claim raised – there is no pendent or ancillary jurisdiction.  *See Joseph Mortin Co. v. United States*, 757 F.2d 1273, 1281 (Fed. Cir. 1985); *see also Health Ins. Plan of Greater N.Y., Inc. v. United States*, 62 Fed. Cl. 33, 48 (2004).

Accordingly, the incentive fee determinations for the "affected years" to be set aside and redetermined in accordance with page 85 and paragraph 1 of page 86 of this court's opinion include only determinations for the years 1997-2001.

A further point that bears on the future management of this case warrants discussion.  In a memorandum filed at the court's request, defendant argues that the contracting officer is free to rule on any claims filed by plaintiff seeking incentive fees for the years 2002 and 2003.  In defendant's view, consideration of such claims is not precluded by *Sharman Co. v. United States*, 2 F.3d 1564, 1571-72 (Fed. Cir. 1993), *overruled on other grounds by Reflectone, Inc v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995).  In that case, the Federal Circuit found that once a claim is "in litigation," the contracting officer is divested of authority to issue a final decision on that claim because the Justice Department has exclusive authority over the claim.  In so concluding, it relied on 28 U.S.C. § 516, which provides that "the conduct of litigation in which the United States . . . is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."  The court also relied upon 28 U.S.C. § 519, which indicates that "the Attorney General shall supervise all litigation to which the United States . . . is a party."  *See also Al Munford, Inc. v. United States*, 30 Fed. Cl. 185, 190 (1993).  Defendant asserts that because the subject of the claims was never properly in a complaint before the court, the Department of Justice never acquired exclusive authority to resolve the claims under sections 516 and 519, leaving the contracting officer free to resolve these claims.

Nonetheless, defendant argues that, under *Sharman*, this court's dismissal of various other counts in plaintiff's complaints for lack of jurisdiction did not revest the contracting officer with authority to rule on claims involving the subject matter of those dismissed counts.  It is difficult to understand this position, particularly since it appears to be inconsistent with defendant's position in at least one other case, *see General Dynamics Corp. v. United States*, 47

---

[1] On May 31, 2002, the court issued an order striking the portion of plaintiff's second amended complaint in No. 98-168 seeking to challenge incentive fee determinations for years after 1998.  However, the incentive fee determinations for 1999 through 2001 are specifically raised in the complaint in No. 02-1632.

Fed. Cl. 514, 524 (2000), and especially since defendant concedes that if a plaintiff voluntary dismisses a count, the contracting officer is immediately revested with the authority to rule on a claim involving the same subject matter.

In the court's view, once a count is dismissed – whether at a plaintiff's insistence or by the court – it no longer implicates the "conduct of litigation" and the provisions of sections 516 and 519 no longer apply. This view is consistent with *Sharman*, 2 F.3d at 1571, which emphasized the exclusive authority of the Justice Department to act in "pending litigation." *See also Case, Inc. v. United States*, 88 F.3d 1004, 1010-11 (Fed. Cir. 1996) (construing *Sharman*). This construction is also consistent with a number of cases that have held that because the powers conferred by section 516 and 519 are broad and potentially disruptive, the application of these provisions "must be narrowly construed." *See Case, Inc.*, 88 F.3d at 1011; *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 901 (Ct. Cl. 1976); *Buse Timber & Sales, Inc. v. United States*, 45 Fed. Cl. 258, 265 (1999); *Alaska Pulp Corp. v. United States,* 34 Fed. Cl. 100, 103 (1995); *United States v. Daniel Urbahn, Seelye and Fuller*, 357 F. Supp. 853, 858 (N.D. Ill. 1973).[2] Applying this narrow construction principle, the courts have rejected the notion that the Justice Department has exclusive authority to resolve claims that might lead to litigation, *see, e.g.*, *Hughes Aircraft Co.*, 534 F.2d at 901, or that impact claims pending before the court, *see, e.g.*, *Case, Inc.*, 88 F.3d at 1010; *McDonnell Douglas Corp. v. United States*, 37 Fed. Cl. 285, 291 (1997).

It thus would seem that nothing in sections 516 and 519 precludes the contracting officer here from ruling on claims that have been dismissed. That plaintiff might appeal that dismissal does not alter this conclusion; if such an appeal is filed, the provisions of sections 516 and 519 are reactivated. The fact that such an appeal *might* be filed should no more trigger these provisions than the possibility that a plaintiff voluntarily agreeing to a dismissal might eventually seek reconsideration or relief under RCFC 60(a) or (b).[3] Rather, it would appear that a claim is "in litigation" only if it is covered by a complaint that is still before the court. Indeed, defendant's apparent reading of sections 516 and 519 would lead to serious anomalies. For one thing, if defendant is right, once a plaintiff misfiled a claim, it would be unable to obtain a

---

[2] Evidence that the phrase "conduct of litigation," as used in section 516, does not encompass every task related to litigation may be found in that portion of section 516 that specifically reserves to the Justice Department "securing evidence" with respect to the conduct of litigation. Seemingly, if Congress felt that the "conduct of litigation" included a range of tasks outside the ambit of formal proceedings, it would not have found it necessary to afford the Justice Department the specific authority to secure evidence.

[3] Of course, another possibility that has not been fully explored in the decisional law is that, notwithstanding section 516 and 519, the Department of Justice might, in some instances, delegate to contracting officers the authority to rule on the claims (or at least to deny them). *See Witherington Constr. Corp. v. United States*, 45 Fed. Cl. 208, 211-12 (1999) (discussing this option); *see also* 28 U.S.C. § 543.

decision on that claim from the contracting officer, even after the portion of its complaint relating to the claim had been dismissed, until either: (i) the court allowed an interlocutory appeal as to the dismissal and that appeal was resolved; or (ii) until no further appeals were available with respect to any judgment ultimately rendered on the portion of the case that had not been dismissed.  *See* RCFC 54(b); *see also Invitrogen Corp. v. Clontech Laboratories, Inc.*, 429 F.3d 1052, 1069 (Fed. Cir. 2005) (interlocutory rulings merge with the final judgment for appeal purposes); *Fifth Third Bank of Western Ohio v. United States*, 402 F.3d 1221, 1236 (Fed. Cir. 2005).  Such a rule could have serious implications, particularly where statutes of limitation are involved.  Further, if defendant is right, then a case dismissed by a district court presumably should be viewed as still pending for purposes of 28 U.S.C. § 1500, until the appeal time has run.  Yet, the decisional law in this court is to the contrary.  *See, e.g.*, *Fire-Trol Holdings, LLC v. United States*, 65 Fed. Cl. 32, 33 n.4 (2005); *Young v. United States*, 60 Fed. Cl. 418, 425 (2004) ("once a claim is dismissed or denied, it is no longer pending in another court until a motion for reconsideration or notice of appeal is filed"); *but see Firebaugh Canal Water Dist. v. United States*, 70 Fed. Cl. 593, 599 (2006).

      At least for the moment, in terms of deciding how to proceed in this case, the court rejects defendant's broad view of section 516 and 5129.  Construing sections 516 and 519 as effectively not applying to dismissed claims does not undercut the ability of the Department of Justice to control litigation pending before this or any other court.  It merely removes plaintiff from CDA limbo.

      Plaintiff has expressed a willingness to take the steps necessary to perfect any counts or paragraphs dismissed for lack of jurisdiction by refiling claims relating to those matters with the contracting officer and, if necessary, by bringing these issues back before this court via a new complaint to be consolidated with the complaints already pending before this court.  Based on the foregoing, the court believes that this would be an appropriate course, assuming that an overall settlement of this matter cannot be effectuated – a global settlement of all the matters pending before the court would, of course, be preferable.  Should this process require plaintiff to file a further complaint with the court, the Clerk shall waive the filing fee for such a complaint and assign the case to the undersigned.

      **IT IS SO ORDERED.**

      s/ Francis M. Allegra
      Francis M. Allegra
      Judge